**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

_____

Case No. 25-1868 T
(Judge Molly R. Silfen)

GRANTHAM UNIVERSITY, INC.,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

**UNITED STATES' ANSWER**

_____

The United States answers the allegations in plaintiff Grantham University, Inc.'s

Complaint (ECF No. 1) as follows:

**NATURE OF THE CASE**[1]

1.  The allegations in paragraph 1 constitute Plaintiff's characterization of the law, or are

legal arguments or conclusions, to which no response is required at this time.

2.  The United States admits that the United States Government enacted the Coronavirus

Aid, Relief, and Economic Security Act ("CARES Act") on March 27, 2020, and that section

2301 of the CARES Act and 26 U.S.C. §3134 provide for an Employee Retention Credit

("ERC"). The remaining allegations in paragraph 2 constitute legal arguments or conclusions to

which no response is required at this time.

3.  The allegations in paragraph 3 constitute Plaintiff's characterization of the law or are

legal arguments or conclusions, to which no response is required at this time.

---

[1] The United States uses the same headings as the Complaint solely for purposes of ease but
denies any allegations contained in those headings.

4. Admits that Plaintiff filed a refund claim for an ERC. Denies that the IRS failed to process Plaintiff's ERC claims for the tax quarters ending on June 30, 2021 ("second quarter of 2021") and September 30, 2021 ("third quarter of 2021"). The United States avers that Plaintiff filed ERC claims with the IRS for the second and third quarters of 2021. The United States further avers that the IRS paid Plaintiff's ERC claim in the amount of $2,385,047.59 for the second quarter of 2021 and disallowed the ERC claim for the third quarter of 2021 on or about December 15, 2025, and therefore has not paid that claim. The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4.

5. Admits that Plaintiff has brought this lawsuit for a refund of an ERC but denies that Plaintiff is entitled to an ERC under the CARES Act and the Internal Revenue Code for the third quarter of 2021.

### JURISDICTION AND VENUE

6. The allegation in paragraph 6 constitutes a legal argument to which no response is required at this time. The United States avers that this Court's subject-matter jurisdiction, to the extent it exists, is founded on 28 U.S.C. § 1491(a).

7. The allegation in paragraph 7 constitutes a legal argument to which no response is required at this time.

### THE PARTIES

8. Admits that the numbers stated in paragraph 8 to be the last 4 digits of Plaintiff's tax identification number corresponds with the information in the IRS's files. The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8.

9-15.  The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 9-15.

16.  Admits.

## BACKGROUND

17-30.  The allegations in paragraphs 17-30 constitute Plaintiff's characterization of the law, or legal arguments or conclusions, to which no response is required at this time.

31.  Denies.

32.  Admits only that, on or about September 14, 2023, the IRS announced a temporary moratorium on the review and processing of certain ERC claims and denies the remaining allegations in paragraph 32.

33.  Denies.

34.  Admits.

35-38.  The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 35-38.

## COUNT I: REFUND FOR GROSS-RECEIPTS-DECLINED

39.  The United States incorporates by reference its responses to paragraphs 1 through 38.

40.  The allegations in paragraph 40 constitute a legal argument or conclusion to which no response is required at this time.

41.  Denies that Plaintiff is entitled to an ERC tax refund for the third quarter of 2021. The United States avers that the IRS paid Plaintiff's ERC claim in the amount of $2,385,047.59 for the second quarter of 2021. The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 41.

3

42-43.  The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 42-43.

44.  Admits that Plaintiff filed ERC claims with the IRS for the second and third quarters of 2021 but lacks knowledge or information sufficient to form a belief as to the date those claims were filed or whether they were proper. Admits that the documents attached as Exhibit A purports to be copies of Plaintiff's Form 941-X: Adjusted Employer's Quarterly Federal Tax Return or Claim for Refund for the second and third quarters of 2021. The United States lacks knowledge or information sufficient to form a belief as to accuracy of the forms, the truth of the allegations contained within the forms, and whether Plaintiff is entitled to the refund claimed on the Forms 941-X.

45.  Denies that the IRS failed to process Plaintiff's ERC claims for the second and third quarter of 2021. The United States avers that the IRS paid Plaintiff's ERC claim in the amount of $2,385,047.59 for the second quarter of 2021 and disallowed the ERC claim for the third quarter of 2021 on or about December 15, 2025, and therefore has not paid that claim.

46.  Denies.

47.  The allegation in paragraph 47 constitutes Plaintiff's characterization of the law, to which no response is required at this time.

48.  Denies.

### AFFIRMATIVE DEFENSE

49.  **Failure to Comply with RCFC 9(m):** Plaintiff's complaint is deficient because Plaintiff failed to comply with Rule 9(m) of the Rules of the Court of Federal Claims ("RCFC"). Specifically, Plaintiff failed to include a statement identifying the information required by RCFC 9(m)(2)(B)(2).

## ADDITIONAL DEFENSES

50.  **Offset:** To the extent that an allowance of ERCs would cause the income tax liability of Plaintiff to increase in one or more affected income-tax periods, and to the extent that the resulting income-tax adjustments for the affected income-tax periods are not barred by statutes of limitations, any employment-tax overpayments to which Plaintiff might otherwise be entitled should be reduced by the resulting increase in Plaintiff's income-tax liability under the doctrine of offset, in an amount subject to proof.

51.  **Equitable Recoupment:** To the extent that an allowance of ERCs would cause the income tax liability of Plaintiff to increase in one or more affected income-tax periods, and to the extent that the resulting income-tax adjustments for the affected income-tax periods are barred by statutes of limitations, any employment-tax overpayments to which Plaintiff might otherwise be entitled should be reduced by the resulting increase in Plaintiff's income-tax liability under the doctrine of equitable recoupment, in an amount subject to proof.

52.  **Estoppel:** To the extent that Plaintiff's legal and factual arguments deviate from any implicit or explicit representation or concession made to the Internal Revenue Service or any other federal, state, municipal, or international agency, Plaintiff is estopped from making such arguments here.

53.  **Substantial variance:** To the extent that Plaintiff attempts to support their alleged entitlement to a tax refund based on claims or facts not alleged in their administrative claims for refund, any such claims would be barred by the substantial-variance doctrine. *See Lua v. United States*, 843 F.3d 950, 957 (Fed. Cir. 2016).

5

## CLAIM FOR RELIEF

WHEREFORE, the United States, requests that the Court grant judgment in its favor, deny the relief sought by the Plaintiff, and award the United States its costs and such other relief as deemed just and proper.

Dated: December 31, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JOSHUA WU
Deputy Assistant Attorney General
Tax Litigation Branch

*/s/ Dara B. Oilphant*
DARA B. OLIPHANT
Assistant Director

/s/ *LaQuita Taylor-Phillips*
LaQuita Taylor-Phillips
Attorney of Record
U.S. Department of Justice
Civil Division, Tax Litigation Branch
Court of Federal Claims Section
Post Office Box 26
Washington, DC 20044
Telephone: (202) 305-7945
Facsimile: (202) 514-6770
Email: LaQuita.Taylor-Phillips@usdoj.gov

Attorneys for Defendant